C. F. WATSON *vs.* C. C. and W. H. SHIELDS.

Under the C. C. P., sec. 133, a Judge may, in his discretion, and upon such terms as he may think just, at any time within a year after notice, relieve a party from a judgment order, or other proceedings taken against him, by mistake, inadvertence, surprise, or other excusable neglect.

Under the new Constitution, application to a Judge is the more appropriate remedy, as he finds the facts and the Supreme Court only reviews his legal conclusions; whereas, in applications for *certiorari* the Court must find the facts  And although it may not come within the prohibition that the "Supreme Court shall not try issues of fact," yet the Court prefers not to try "questions of fact," as contra distinguished from "issues of fact," when it can be avoided.

This was an application for a writ of *certiorari,* made at January Term, 1872, of the SUPREME COURT.

The petition of plaintiff stated, that a certain civil action had been brought by him against the defendants, in Halifax Superior Court, in which said action he sought to cancel, upon the ground of fraud, among other things, a certain deed made by himself to one of the defendants, C. C. Shield, and a deed made by him to the other defendant, W. H. Shield.   That said action was tried in Halifax Superior Court, at a special Term, in December, 1871, before his Honor S. W. Watts, and that the jury did "find, that the deeds above mentioned be set aside and that plaintiff pay to the defendant the sum of $165 and interest, being the purchase money paid by said defendant;" that the petitioner thereupon, through his counsel, prayed judgment that an account be taken of the rents, &c., during the possession of the defendant.   That the Court declared a purpose to order such account, and to that end a judgment or decree was prepared by petitioner's counsel, and was sent to his Honor S. W. Watts, for his signature.   That about a week after the Court, a letter was written by the Judge to the Clerk, directing him

to enter up judgment for canceling the deeds, reconveying, &c., but refusing the order for an account. That petitioner's counsel was not informed of the decision of his Honor in time to appeal therefrom, and not of the refusal of his Honor to approve and sign the judgment or decree as proposed by his counsel until the 10th day of February, 1872.

The defendants filed an answer to the petition, setting out a statement of facts very different from that made by petitioner. They alleged that petitioner, through his counsel, had notice of the formal judgment signed and filed by His Honor in time to take an appeal to the Supreme Court. The defendants further alleged, that the petitioner "allowed the time in which to appeal to pass away, through the hope and purpose of being able to induce the Judge, through his counsel, to revoke, alter or add to his first judgment." That the verdict of the jury, &c, did not, or would not, authorize the judgment claimed by the defendants, &c.

Upon the petition and answer, and after argument, the Court ordered the petition to be dismissed.

*Clark & Mullen*, and *Busbee & Busbee*, for petitioner.
*Moore & Gatling*, for defendants.

READE, J. The C. C. P., S. 133, authorizes a judge to "relieve a party from a judgment, order, or other proceedings taken against him through his mistake, inadvertence surprise, or excusable neglect," &c. And upon application for such relief, the Judge finds the facts, and grants, or refuses the motion, and from his judgment an appeal lies by either party. This is much more convenient, expeditious, and less expensive than an application to the Supreme Court for a *certiorari*, as a substitute for an appeal. Under our new Constitution, it is much the more appropriate remedy, as the Judge below finds the facts, and we only review his legal conclusions; whereas, in applications for *certiorari* we have to find the facts, and although

it may not be within the provision, that we shall try no "issue" of fact; yet we prefer not to try, when it can be avoided, any "*question*" of fact, as contradistinguished from an *issue* of fact.

In this case the facts are. seriously disputed, and we think the petitioner ought to proceed by an application to the Judge below, under C. C. P., S. 133.

Motion for *certiarori* refused, and petition dismissed.

PER CURIAM.                                         Petition dismissed.